

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*      *(503) 727-1000*
*Portland, OR  97204-2902 Fax:*       *(503) 727-1117*

September 25, 2012

C. Renee Manes
Assistant Federal Public Defender
101 SW Main, Suite 1700
Portland, OR  97204

Re:     *United States v. Jacob Judson Tolman*, CR 12-169-HA
        Plea Agreement Letter

Dear Counsel:

1.      **Parties/Scope**: This plea agreement is between this United States Attorney's Office
(USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting,
administrative, or regulatory authority.  This agreement does not apply to any charges other than
those specifically mentioned herein.

2.      **Charges**: Defendant agrees to plead guilty to Count 2 of the Indictment.  Count 2
charges defendant with Conspiracy to Distribute Heroin in an amount exceeding 100 grams, in
violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B)(i).

3.      **Penalties**: As charged in the Indictment, the maximum sentence in Count 2 is forty years'
imprisonment, a mandatory minimum of 5 years' imprisonment, a fine of $5,000,000, at least 4
years of supervised release and a $100 fee assessment.  Defendant agrees to pay the $100 fee
assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.
Defendant understands that if a mandatory minimum sentence is required, this may restrict the
application of downward departures, adjustments, and variances in some cases.

4.      **Restitution**: Defendant and the government agree to request the Court order defendant to
pay full restitution to designated family members of Zachary Holland for expenses related to his
death.  The parties agree that the Court should determine the correct amount to be ordered
following the presentence investigation.

5.      **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss
any remaining counts against defendant.  The USAO further agrees not to bring additional
charges against defendant in the District of Oregon arising out of this investigation, known to the
USAO at the time of this agreement.

Revised 02/03/10

C. Renee Manes
Re: Jacob Tolman Plea Letter
Page 2

6.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a) is 600 grams of heroin for a Base Offense Level of 28, prior to adjustments.  The parties also agree that defendant distributed heroin that resulted in the death of Zachary Holland.  The parties also agree that defendant is a career offender.  U.S.S.G. § 4B1.1.

8.      **No Enhancement**:  The government agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 for defendant's prior felony conviction for unlawful manufacture/distribution of a controlled substance.

9.      **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

        *** **Early Resolution**: If the defendant accepts this offer prior to October 3, 2012, and foregoes filing suppression motions, the government will recommend an additional one-level decrease in offense level to recognize defendant's early resolution, and to achieve a reasonable sentence in light of that early resolution under the factors listed in 18 U.S.C. § 3553(a).

10.     **"Safety Valve"**: The parties agree that the defendant does not meet the criteria of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 for "safety valve" relief from a mandatory minimum sentence.  Therefore, a two-level reduction in offense level is not warranted under U.S.S.G. § 2D1.1(b)(11).

11.     **Additional Departures, Adjustments, or Variances**: The government agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12.     **Joint Sentencing Recommendation**: The parties anticipate a base offense level of 28 based on defendant's relevant conduct – 600 grams of heroin.  The parties also anticipate, based on a statutory maximum of 40 years' imprisonment for Count 2, a career offender base offense

Revised 02/03/10

C. Renee Manes
Re: Jacob Tolman Plea Letter
Page 3

level of 34. U.S.S.G. § 4B1.1(b)(2). A three-level reduction for acceptance of responsibility, and an additional downward variance for early resolution, results in an adjusted offense level of 30, criminal history category VI, for an anticipated advisory guideline range of 168-210 months.

The parties have agreed to a sentencing range of 13 to 17 years to be followed by four years of supervised release, in which the defendant may seek a downward departure, adjustment or variance but shall not request a sentence lower than 13 years (156 months imprisonment) and the government may seek a sentence no higher than 17 years (204 months imprisonment). The parties agree that this is a reasonable sentencing range, taking into account all the factors listed in 18 U.S.C. § 3553(a).

13.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

14.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

17.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture

Revised 02/03/10

C. Renee Manes
Re: Jacob Tolman Plea Letter
Page 4

pursuant to 21 U.S.C. § 853, assets which defendant admits constitute the proceeds of or were used to facilitate defendant's criminal activity in violation of 21 U.S.C. § 841 and 846 as set forth in Count 2 of the Indictment.

       B.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant agrees that forfeiture of substitute assets as authorized herein and pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of the defendant's sentence. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

18.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.    **Deadline**: This plea offer expires if not accepted by **October 3, 2012, at 5 p.m.**

               Sincerely,

               S. AMANDA MARSHALL
               United States Attorney

               LEAH K. BOLSTAD
               Assistant United States Attorney

       I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

_____      _____
Date                            Jacob Judson Tolman, Defendant

       I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_____      _____
Date                            C. Renee Manes, Attorney for Defendant

**Revised 02/03/10**